1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeffrey K. Compton (State Bar No. 142969)
jcompton@mzclaw.com
Jeremy T. Katz  (State Bar No. 267361)
jkatz@mzclaw.com
**MARKUN ZUSMAN FRENIERE & COMPTON LLP**
17383 Sunset Blvd. Suite #A-380
Pacific Palisades, CA 90272
Telephone:  (310) 454-5900
Facsimile:  (310) 454-5970

*Attorneys for Plaintiffs*
Edvin Peter Hansen, Steen Hansen
and Lars Hansen

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDVIN PETER HANSEN, STEEN HANSEN and LARS HANSEN,<br><br>         *Plaintiffs*,<br><br>    v.<br><br>INTEGRITY ASSETS, LLC; ALLOY ELEMENT ASSETS, LLC; INTEGRITY LONGEVITY INVESTMENTS, LLC; and DOES 1-10,<br><br>         *Defendants*. | Civil Action No.   [TBD]<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF CONTRACT; AND**<br>**2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

---

**HANSEN'S COMPLAINT**

## COMPLAINT

Plaintiffs EDVIN PETER HANSEN, STEEN HANSEN and LARS HANSEN allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs loaned more than $2,000,000 to Defendants in several loan transactions, pursuant to written promissory notes and related loan documents. The loan contracts provide Defendants shall make periodic interest payments, and that each loan's outstanding principal and unpaid interest shall become due and payable in full upon: (1) the specified maturity date; and/or (2) an event of default. As described below, each of the loans has either matured or defaulted.

2.      Plaintiffs sent written notice to Defendants requesting the return of the outstanding principal and unpaid interest. Defendants, however, breached the loan contracts by refusing to repay the money they borrowed. Plaintiffs hereby seek to recover their money, with interest, and attorneys' fees.

## THE PARTIES

3.      Plaintiff EDVIN PETER HANSEN ("Edvin") is, and at all relevant times was, an individual residing in Los Angeles County, California.

4.      Plaintiff STEEN HANSEN ("Steen") is, and at all relevant times was, an individual residing in Los Angeles County, California.

5.      Plaintiff LARS HANSEN ("Lars") is, and at all relevant times was, an individual residing in Los Angeles County, California.

6.      Edvin, Steen and Lars are collectively referred to herein as "Plaintiffs," or under the collective singular "Hansen."

7.      Defendant INTEGRITY ASSETS, LLC ("Integrity Assets") is, and at all relevant times was, a Georgia limited liability company with its principal place of business in Atlanta, Georgia. On information and belief, Integrity Assets' managing member is, and at all times was, Para Longevity Holdings VI, LLC. On further information and belief, Marshal Seeman is, and at all relevant times was, Integrity

1   Assets' principal officer/manager/control person.

2      8.   Defendant ALLOY ELEMENT ASSETS, LLC ("Alloy Element") is, and

3   at all relevant times was, a Florida limited liability company with its principal place

4   of business in Boca Raton, Florida. On information and belief, Alloy Element's

5   managing member is, and at all times was, Alloy Assets Holdings, LLC. On further

6   information and belief, Marshal Seeman is, and at all relevant times was, Alloy

7   Element's principal officer/manager/control person.

8      9.   Defendant   INTEGRITY   LONGEVITY   INVESTMENTS,   LLC

9   ("Integrity Longevity") is, and at all relevant times was, a Delaware limited liability

10   company with its principal place of business in Atlanta, Georgia. On information and

11   belief, Integrity Longevity's managing member is Marshal Seeman.

12      10.   Defendants Integrity Assets, Alloy Element and Integrity Longevity are

13   collectively referred to herein as "Defendants."

14                        **JURISDICTION & VENUE**

15      11.   Federal diversity jurisdiction exists pursuant to 28 U.S.C. section 1332.

16   Complete diversity exists because Plaintiffs are all residents of California, and

17   Defendants are Georgia, Florida and Delaware limited liability companies with their

18   principal places of business in Georgia and Florida, and the amount in controversy,

19   exclusive of interest and costs, exceeds the sum or value of $75,000.

20      12.   Venue in the Central District of California is proper pursuant to 28 U.S.C.

21   section 1391 because a substantial part of the events or omissions on which the claims

22   herein are based occurred in this District, and the subject Loan Contracts were

23   executed in this District.

24                        **STATEMENT OF FACTS**

25      13.   Between 2015 and 2018, Plaintiffs made separate loans to Defendants

26   (collectively, the "Loans"), pursuant to separate promissory notes and related

27   agreements (the "Loan Contracts"), as follows:

28   \\\

---

14.   **FIRST LOAN**: On or about December 17, 2015, Plaintiff Lars loaned $300,000 to Defendant Integrity Longevity, pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 1** (the "First Loan"). The First Loan's maturity date was June 17, 2016.

15.   **SECOND LOAN:** On or about December 6, 2017, Plaintiff Edvin loaned $550,000 to Defendant Integrity Assets pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 2** (the "Second Loan"). The Second Loan's maturity date was March 26, 2018.

16.   **THIRD LOAN:** On or about December 10, 2017, Plaintiff Edvin loaned $160,000 to Defendant Integrity Assets pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 3** (the "Third Loan"). The Third Loan's maturity date was June 10, 2018.

17.   **FOURTH LOAN:** On or about December 23, 2017, Plaintiff Edvin loaned $60,000 to Defendant Integrity Assets pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 4** (the "Fourth Loan"). The Fourth Loan's maturity date was June 23, 2018.

18.   **FIFTH LOAN**: On or about April 24, 2018, Plaintiff Steen loaned $325,000 to Defendant Integrity Assets, pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 5** (the "Fifth Loan"). The Fifth Loan's maturity date was October 24, 2018.

19.   **SIXTH LOAN:** On or about September 26, 2018, Plaintiff Edvin loaned $100,000 to Defendant Integrity Assets, pursuant to a certain Loan Contracts

comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 6** (the "Sixth Loan"). The Sixth Loan's maturity date was March 26, 2019.

20. **SEVENTH LOAN:** On or about December 1, 2018, Plaintiff Edvin loaned $636,314.46 to Defendant Alloy Element pursuant to a certain Loan Contracts comprised of a Note Purchase Agreement; a Promissory Note; a Security Agreement; and a Collateral Agency Agreement – copies of which are collectively attached hereto as **Exhibit 7** (the "Seventh Loan"). The Sixth Loan's maturity date is December 1, 2021.

21. The following chart summarizes the Loans:

| Loan | Contract Date | Lender | Company | Loan Amount | Maturity Date |
|------|--------------|--------|---------|-------------|---------------|
| First Loan | 12/17/15 | Lars | Integrity Longevity | $300,000.00 | 6/17/16 |
| Second Loan | 12/06/17 | Edvin | Integrity Assets | $550,000.00 | 6/06/18 |
| Third Loan | 12/10/17 | Edvin | Integrity Assets | $160,000.00 | 6/10/18 |
| Fourth Loan | 12/23/17 | Edvin | Integrity Assets | $60,000.00 | 6/23/18 |
| Fifth Loan | 4/24/18 | Steen | Integrity Assets | $325,000.00 | 10/24/18 |
| Sixth Loan | 9/26/18 | Edvin | Integrity Assets | $100,000.00 | 3/26/19 |
| Seventh Loan | 12/01/18 | Edvin | Alloy Element | $636,314.46 | 12/01/21 |
| **Total Principal:** | | | | **$2,131,314.46** | |

22.   The Loan Contracts nominally identify Coral Gables Title and Escrow Inc., a Florida corporation ("CGT&EI") – of Coral Gables, Florida – as the Collateral Agent under the Loan Contracts. However, a search of the Florida Division of Corporation's online business entity index shows that CGT&EI was subject to administrative dissolution in 2015 for failing to file an annual report. A copy of the Florida Division of Corporation's online record for CGT&EI is attached hereto as **Exhibit 8**. Because CGT&EI was a defunct entity at all relevant times prior to and during the periods in which the Loan Contracts were in effect, Plaintiffs are excused from any contractual obligation to involve CGT&EI with their demand for payment from Defendants.

23.   Prior to November 2020, Defendants defaulted on the respective obligations under the Loan Contracts by failing to timely make the interest payments by the Loan Contracts' respective Scheduled Interest Payment Dates.

24.   In November 2020, Plaintiffs sent Defendants a written demand to cure the default.

25.   Defendants respectively failed to timely cure those defaults, which constitutes an Event of Default under the respective Loan Contracts.

26.   In January 2021, Plaintiffs sent the Defendants a written notice declaring that all unpaid amounts of principal and interest for the Loans were immediately due and payable (an "Acceleration Notice"), and demanding the return of the outstanding principal and interest for each of the Loans.

27.   Also – regardless of any arguable default – the First Loan, Second Loan, Third Loan, Fourth Loan, Fifth Loan and Sixth Loan are each well past their maturity dates, and thus the outstanding principal and interest for each of those Loans is immediately due and payable. Yet Defendants have refused and failed to repay that outstanding principal notwithstanding multiple written demands.

28.    In or around February 2021, in response to Plaintiffs' Acceleration Notice and written demands for payment, Defendants notified Plaintiffs that any such

demand must be sent to CGT&EI as the Loan Contract's designated Collateral Agent. Defendants further took the position the Loan Contracts vest CGT&EI (in its capacity as the designated Collateral Agent) with the sole and exclusive right to bring an action for breach of the Loan Contract.

29.   But as mentioned above, CGT&EI was administratively dissolved in 2015 – prior to any of the Loan Contracts' effective dates. (*See* Exhibit 8.) Defendants drafted the contracts, and unilaterally selected CGT&EI as the Collateral Agent, so Defendants knew or should have known that CGT&EI went defunct prior the date the Loan Contracts were issued. Moreover, demanding that a defunct entity take action on Plaintiffs' behalf would be an exercise in futility. Finally, Defendants' contention that Plaintiffs must exclusively pursue their rights and remedies through an entity that went defunct before the contracts were even signed is a functional frustration of Plaintiffs' rights to enjoy the benefits of the bargain.

30.   To the extent that Plaintiffs must step into the defunct Collateral Agent's shoes in order to enforce Plaintiffs' contractual rights, Plaintiffs are also entitled to benefit from the Loan Contract's indemnity provisions, which allow the enforcing Collateral Agent (and its successors in interest) to recover the attorneys' fees and costs incurred to enforce the contract rights.

31.   Throughout 2021, Plaintiffs have received a series of limited and payments of interest, none of which were sufficient to bring the Loans current. For example, the interest payments that became due and payable on December 1, 2020 were not received until in or around February 2021. The interest payments that became due and payable on February 1, 2021 were not received until on or about April 5, 2021. The interest payments that became due and payable on or about March 1, 2021 were not received until late April 2021. As such, the Loans remained in arrears, and Defendants had not cured the defaults. Moreover, and notwithstanding multiple written demands, Defendants still have not returned the outstanding principal for the Loans that had already matured or been accelerated. Accordingly, the Defendants still

remain in breach of the Loan Contracts.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

*(Against all Defendants)*

32.    Plaintiffs incorporate by reference paragraphs 1 through 31 as if fully set forth herein.

33.    Plaintiffs and Defendants entered into the respective Loan Contracts in which Plaintiffs loan money to Defendants, and Defendants promised to repay the principal with interest.

34.    Plaintiffs performed all of their obligations under the Loan Contracts, and/or and were excused from any performing any unperformed obligation.

35.    Defendants breached the respective Loan Contracts by: (i) failing to timely make the interest payments by the Loan Contracts' respective Scheduled Interest Payment Dates; (ii) failing to timely cure that default; and (iii) failing to timely repay each Loan's principal and outstanding interest upon written demand following each Loans' respective maturity date.

36.    As a direct and proximate result of Defendants' conduct, Plaintiffs were harmed because Plaintiffs still have not received all of the money they are owed, including the outstanding principal of $2,131,314.46, and interest.

## SECOND CLAIM FOR RELIEF

### BREACH OF THE COVENANT OF GOOD FAITH

### AND FAIR DEALING

*(Against all Defendants)*

37.    Plaintiffs incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

38.    The covenant of good faith and fair dealing – implied by law into every contract – exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.

---

**HANSEN'S COMPLAINT**                    - 8 -

39.   Defendants had a duty not to act fairly and in good faith and to do nothing which would have the effect of destroying, interfering, frustrating or injuring the rights of Plaintiffs to receive the benefits of the Loan Contracts.

40.   Plaintiffs and Defendants entered into the respective Loan Contracts in which Plaintiffs loan money to Defendants, and Defendants promised to repay the principal and interest.

41.   Plaintiffs performed all of their obligations under the Loan Contracts, and/or and were excused from any performing any unperformed obligation.

42.   The conditions precedent to Defendants' performance have all occurred, in that the Loans have each either reached their respective maturity dates and/or have been properly accelerated following an Event of Default. To the extent that the conditions precedent to Defendants' performance have not occurred, such conditions precedent have been excused.

43.   Defendants have breached the implied covenant of good faith and fair dealing by engaging in a course of conduct to deprive Plaintiffs of their rights under the Loan Agreements. Defendants have, among other things, destroyed, interfered with, frustrated and injured Plaintiffs' rights by: unilaterally selecting a defunct entity to be the designated Collateral Agent under the Loan Contracts, and demanding that Plaintiffs pursue their remedies exclusively through that defunct entity; and by failing to repay the borrowed sums with interest.

44.   As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing under the Loan Agreements, Plaintiffs have been injured and damaged in an amount to be proven at trial, and on information and belief, in an amount equal to or in excess of $2,131,314.46.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants and respectfully request the following relief:

\\\

(1)     Compensatory and consequential damages in an amount to be proven at trial, but estimated to be at least $2,131,314.46, plus applicable interest.

(2)     Plaintiffs' costs and disbursements in this action, including reasonable attorneys' fees pursuant to the Loan Contracts' indemnity provisions, and/or Official Code of Georgia Annotated (O.C.G.A.) Sections 13-1-11 and 13-6-11, and/or under the Florida  Stat. 57.105(7), as applicable.

(3)     Such other and further relief as the Court deems proper and just.

## **Jury Demand**

 Pursuant to Fed. R. Civ. P. 38(b) and L.R. 38-1, Plaintiffs demands a jury trial on all issues so triable.


Dated: May 12, 2021                              Respectfully submitted,



                                                      /s/ Jeffrey K. Compton
                                                      Jeffrey K. Compton
                                                      jcompton@mzclaw.com
                                                      Jeremy T. Katz
                                                      jkatz@mzclaw.com
                                                      **MARKUN ZUSMAN FRENIERE & COMPTON LLP**
                                                      17383 Sunset Blvd., Suite #A-380
                                                      Pacific Palisades, CA 90272
                                                      Telephone:  (310) 454-5900
                                                      Facsimile:  (310) 454-5970

                                                      *Attorneys for Plaintiffs Edvin Peter Hansen, Steen Hansen and Lars Hansen*