O

# United States District Court
# Central District of California

| | |
|---|---|
| EDVIN PETER HANSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGRITY ASSETS LLC, et al.,<br><br>Defendants. | Case No. 2:21-cv-03994-ODW (RAOx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT [22]** |

## I.   INTRODUCTION

Plaintiffs Edvin Peter Hansen, Steen Hansen, and Lars Hansen ("Lenders") initiated this contract action against Defendants Integrity Assets, LLC; Alloy Element Assets, LLC; and Integrity Longevity Investments, LLC, ("Borrowers") based on Borrowers' failure to repay loans. (Compl., ECF No. 1.)  Borrowers have not appeared and Lenders now move for entry of default judgment. (Mot. Default J. ("Motion" or "Mot."), ECF No. 22.)  For the reasons discussed below, the Court **DENIES** Lenders' Motion.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

Between 2015 and 2018, individual Lenders loaned individual Borrowers over $2,000,000 in seven separate loans (collectively, the "Loans"). (Compl. ¶¶ 1, 13–20.) For each loan, the Borrower drafted a loan contract that included a Note Purchase Agreement, a Promissory Note, a Security Agreement, and a Collateral Agency Agreement. (*Id.* ¶¶ 14–20, 29, Exs. 1–7 ("Loan Contracts"), ECF Nos. 1-1 to 1-7.) Loans One through Six matured after six months and Loan Seven matured after three years. (*See id.* ¶¶ 14–20.) The Loans accrued interest at an annual rate of 10%, based on a 360-day year. (*See, e.g.*, Loan Contract One Ex. C ("Promissory Note") § 2(a).) The following chart summarizes the principal Loans:

| Loan No. | Contract Date | Plaintiff Lender | Defendant Borrower | Loan Amount | Maturity Date |
|---|---|---|---|---|---|
| One | 12/17/15 | Lars Hansen | Integrity Longevity | $300,000.00 | 06/17/16 |
| Two | 12/06/17 | Edvin Hansen | Integrity Assets | $550,000.00 | 06/06/18 |
| Three | 12/10/17 | Edvin Hansen | Integrity Assets | $160,000.00 | 06/10/18 |
| Four | 12/23/17 | Edvin Hansen | Integrity Assets | $60,000.00 | 06/23/18 |
| Five | 04/24/18 | Steen Hansen | Integrity Assets | $325,000.00 | 10/24/18 |
| Six | 09/26/18 | Edvin Hansen | Integrity Assets | $100,000.00 | 03/26/19 |
| Seven | 12/01/18 | Edvin Hansen | Alloy Element | $636,314.46 | 12/01/21 |
|  |  |  | **Total Principal** | **$2,131,314.46** |  |

(Compl. ¶ 21.) The Loan Contracts each appoint Coral Gables Title and Escrow Inc. ("Coral Gables"), a Florida Corporation, as Collateral Agent with exclusive authority to enforce the Loan Contracts on Lenders' behalf in the event of Borrowers' default. (*Id.* ¶ 22; *see, e.g.*, Loan Contract One Ex. E ("Collateral Agency Agreement") § 2.1.) The State of Florida administratively dissolved Coral Gables in September 2015, prior to execution of the first Loan. (Compl. ¶ 29, Ex. 8, ECF No. 1-8.)

Borrowers defaulted on the respective Loans by failing to make timely interest payments and, for Loans One through Six, failing to repay the outstanding principal by each loan's respective maturity date. (*Id.* ¶¶ 23, 27.) In November 2020, Lenders sent Borrowers a written demand to cure the default. (*Id*. ¶ 24.) In January 2021, Lenders sent Borrowers an Acceleration Notice declaring the unpaid principal and interest immediately due. (*Id*. ¶ 26.) Defendants made some payments in 2021, but these were insufficient to bring the loans current. (*Id*. ¶ 31.) Borrowers also have not returned the outstanding principal due on the Loans that had matured or been accelerated. (*Id*.)

Lenders seek to enforce the Loan Contracts. Coral Gables is defunct and is thus incapable of acting as Lenders' Collateral Agent, so Lenders filed this action themselves. (*See id.* ¶ 29.) Lenders assert a single claim for breach of contract and one for breach of the implied covenant of good faith and fair dealing, lumping all seven Loans together despite the varying contracting parties and maturity dates, and despite Loan Seven not maturing until months after Lenders initiated this action. (*See id.* ¶¶ 31–44.) Lenders seek compensatory and consequential damages of at least $2,131,314.46, plus interest, fees, and costs, although they do not allege what interest and principal any individual Borrower has paid on any specific Loan. (*See id.*, Prayer for Relief.) Borrowers have not appeared in these proceedings and Lenders now move for entry of default judgment against them. (*See* Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

"[A] defendant's default," however, "does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, courts are to exercise discretion in entering default judgment, using the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* factors") as a guide. Generally, after the Clerk enters default, the Court accepts as true the well-pleaded factual allegations in the complaint relating to a defendant's liability. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam). The court must evaluate whether the well-pleaded factual allegations establish liability and, if so, then determine the "amount and character" of the appropriate relief. *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010). The plaintiff must provide proof of all damages sought and may not recover a judgment different in kind or amount from the complaint. *See TeleVideo Sys.*, 826 F.2d at 917–18; Fed. R. Civ. P. 54(c)).

## IV. DISCUSSION

Lenders fail to establish, in their Complaint or Motion, that entry of default judgment against Borrowers is appropriate. Additionally, Lenders fail to establish or prove the damages they seek. Therefore, the Court declines to enter default judgment and provides Lenders with an opportunity to amend the Complaint and attempt to remedy the deficiencies identified herein.

### A. Personal Jurisdiction

As a threshold matter, the Court must ensure its jurisdiction over this action and Borrowers. However, it is unclear from the present record that the exercise of personal jurisdiction over Borrowers would be appropriate.

"A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)). In cases sounding in contract, like this one, courts most often use a purposeful availment analysis to evaluate personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff must "show[] that a defendant purposefully availed himself of the privilege of doing business in" the forum, typically with "evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. "[M]erely contracting with a resident of the forum state is insufficient." *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).

From the record before the Court, it does not appear that Borrowers purposefully availed themselves of the privilege of doing business in California. Thus, the Court cannot find that exercising personal jurisdiction over Borrowers comports with due process. The Court denies the Motion on this basis.

## B. *Eitel* Factors

Lenders' Motion also fails under the *Eitel* factors. In *Eitel*, the Ninth Circuit enumerated seven factors that a court may consider in determining whether to grant default judgment. 782 F.2d at 1471–72. The second and the third factors, the merits of plaintiff's claim and the complaint's sufficiency, are generally the most significant and are often dispositive. *See, e.g.*, *Kong v. Image of Beverly Hills, LLC*, No. 2:20-cv-02175-ODW (MRWx), 2020 WL 6701441, at *3 (C.D. Cal. Nov. 13, 2020). This is the case here, as Lenders' Motion fails under the second and third *Eitel* factors and the Court does not reach the remaining factors.

Together, the second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175). To weigh these factors, the Court evaluates the merits of each claim.

Lenders assert two causes of action, (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 32–44.) Applying California law, Lenders contend they have adequately stated both claims. (*See* Mot. 4.)

However, each of the Loan Contracts contains express choice-of-law provisions identifying Georgia, Florida, and Delaware law as governing matters relating to or arising from the agreements.[2] Lenders do not address the choice of law issue or explain why the Court should apply California law instead of the contractually chosen law.

To determine whether contractual choice of law provisions are enforceable, California courts must first determine whether "(1) the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466 (1992). If either test is met, the party opposing the chosen law must then "establish both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *Wash. Mut. Bank, FA v. Superior Court,* 24 Cal. 4th 906, 917 (2001). If the choice-of-law opponent fails to meet this burden, the contractually chosen law should be applied. *See Nedlloyd*, 3 Cal. 4th at 466.

Borrowers are Georgia, Delaware, and Florida limited liability companies with members who are citizens of Florida, (*see* Resp. 3–5, ECF No. 19), so there appears to be a substantial relationship between the chosen state law, on one hand, and the parties and their transactions, on the other hand. The burden is therefore on Lenders to show that California law should apply.

However, Lenders fail to address the choice of law issue at all, let alone establish that the contractually chosen law is contrary to fundamental policy of California or that California has a materially greater interest in resolution of Lenders' claims. The Court declines to conduct the choice-of-law analysis for Lenders. Accordingly, Lenders' Motion, which is brought entirely under California law, fails to show entitlement to relief.

---

[2] Loan Contract One selects Georgia law (Ex. A § 10), Delaware law (Exs. C § 7(f), D § 14), and Florida law (Ex. E § 6.6(a)) as governing matters arising from the various Loan One agreements. Loan Contracts Two through Six select Georgia law. (*See* Exs. A § 10, B § 7(f), D § 14, E § 6.6(a).) Loan Contract Seven selects Florida law. (*See* Exs. A § 10, B § 7(f), D § 14, E § 6.6(a).)

In light of the above deficiencies, the Court finds that the second and third *Eitel* factors weigh against entering default judgment. The Court denies the Motion on this additional basis.[3]

### C.  Relief Sought

Lenders' Motion is also deficient in its request for relief. Lenders seek to recover unpaid interest and principal on the seven Loans but submit *no evidence* to substantiate the amounts they claim have been paid or the amounts they claim remain owing. Additionally, Lenders request entry of default judgment based on six months' overdue interest on all seven Loans, accruing from March 2021 through August 2021 (when Lenders filed this action). (*See* Mot. 6–9.) However, Lenders' claim that Borrowers made no interest payments after March 2021 is contradicted by Lenders' allegation that Lenders received at least some interest payments from some Borrowers after that date. (*See* Mot. 6–9; Compl. ¶ 31.) Lenders do not specify the amounts of these payments, clarify which Borrowers made them or on which Loans, or explain whether these payments were applied to principal or interest and on what basis. The Court finds these failures particularly troublesome as this action involves three Borrowers, three Lenders, and seven separate Loans with varying dates of execution and maturity. Based on the current record, the Court is unable to determine the loan amounts (principal or interest) due and owing, i.e., Lenders' damages.

### D.  Attorneys' Fees

In light of the above discussion, and Lenders' failure to offer any legal authority to support their entitlement to fees, the Court denies Lenders' request for fees and costs.

## V.  CONCLUSION

For the reasons discussed above, the Court **DENIES** Lenders' Motion for Entry of Default Judgment, (ECF No. 22), and **SETS ASIDE** the Default entered against

---

[3] Also, Lenders have provided no legal authority for the proposition that they are excused from the obligation to enforce the Loan Contracts through the defunct Coral Gables, whether based on impossibility, severance, or some other doctrine.

Borrowers, (ECF No. 17).  Lenders may file an amended complaint addressing the deficiencies herein **within 30 days** of the date of this Order.  Lenders shall serve the summons and amended complaint on Borrowers within ten days of filing the amended complaint with the Court and shall promptly file proof of such service.  Failure to timely file an amended complaint or proof of service may result in dismissal of this action.

**IT IS SO ORDERED.**

December 20, 2021

                                           **OTIS D. WRIGHT, II**
                                 **UNITED STATES DISTRICT JUDGE**